# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **LAIRD OLIVER,** *Plaintiff* | § § § | |
| **v.** | § § | No. 1:25-CV-00266-RP-SH |
| **SHERRI TIBBE,** *Defendant* | § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN
         UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Laird Oliver's Complaint (Dkt. 1) and Motion to Proceed *In Forma Pauperis*, (Dkt. 2), both filed February 24, 2025. The District Court referred this case to this Magistrate Judge for disposition of the application and a report and recommendation as to whether it should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

### I.    Application to Proceed *In Forma Pauperis*

Plaintiff Laird Oliver, proceeding *pro se*, moves for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1). Under that statute, a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security.

Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant

may pay the filing fee without suffering undue financial hardship. *Id.* "There is no requirement that an individual be absolutely destitute or spend the last dollar they have towards the payment of court costs to enjoy the benefit of in forma pauperis status." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024) (cleaned up).

After reviewing Oliver's application, the Court finds that he cannot pay the filing fee without experiencing undue financial hardship. The Court **GRANTS** Oliver *in forma pauperis* status and **ORDERS** his Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue, or the action is found to be frivolous or malicious under § 1915(e)(2). The Court also may impose costs of court against Oliver at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has reviewed the claims in Oliver's complaint under § 1915(e)(2) and recommends that his lawsuit be dismissed. Service on Defendant should be withheld pending the District Court's review of this recommendation.

## II.     Frivolousness Review Under Section 1915(e)(2)

Because Oliver has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his complaint under § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court liberally construes the pleadings of litigants who, like Plaintiff, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others,

clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325. A complaint fails to state a claim on which relief may be granted when the plaintiff does not plead enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Oliver is the defendant in a criminal proceeding in Hays County, Texas for aggravated assault with a deadly weapon. He brings civil rights claims under 42 U.S.C. § 1983 against the judge overseeing the case, Hays County District Judge Sherri Tibbe. Oliver alleges that he was unlawfully searched, arrested, and detained; retaliated against; maliciously prosecuted; and denied effective assistance of counsel.[1] Dkt. 1-2. He also alleges that Judge Tibbe has a conflict of interest and seeks a writ of mandamus removing her from his criminal case, dismissal of the charges against him, restoration of his parental rights and suspension of "unlawful child support orders," and an investigation into Hays County's "systemic due process violations." *Id.* at 4.

Oliver's claims against Judge Tibbe are barred by the Eleventh Amendment and the doctrine of absolute judicial immunity. "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009). Judicial immunity is "an immunity from suit." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is "not overcome by allegations of bad faith or

---

[1] Oliver also files a "Complaint Against my Court-Appointed Attorney" in which he alleges that his court-appointed attorney "has failed to fulfill his duties." Dkt. 7.

3

malice," but only by a showing that the alleged actions were nonjudicial, that is, acts not normally performed by a judge. *Id.* at 11-12. Because Oliver does not allege that his claims arise from any nonjudicial acts, Judge Tibbe is entitled to absolute judicial immunity.

Oliver's claims arising from his ongoing criminal proceeding also are subject to application of the *Younger* abstention doctrine. *Younger* abstention requires that federal courts decline to exercise jurisdiction when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claims; and (3) the plaintiff has an adequate opportunity in the state proceeding to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All three conditions are met as to Oliver's current criminal prosecution.

Oliver also appears to allege constitutional violations in previous arrests and imprisonment. He was a defendant in earlier Hays County criminal proceedings for speeding and deadly conduct. *State v. Oliver*, No. 18-0708J12 (J.P. Ct. No. 1.2, Hays Cnty., Tex. March 12, 2018); *State v. Oliver, Jr.*, No. 22-2050CR-2 (Co. Ct. at Law No. 2, Tex. Hays Cnty., Tex. June 10, 2022).

These claims are barred by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413, 415 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). Under that doctrine, federal district courts lack jurisdiction to entertain collateral attacks on state court judgments.

> Constitutional questions arising in state proceedings are to be resolved by the state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994) (footnotes omitted). This Court thus lacks jurisdiction to review Oliver's collateral attack on state court judgments. *Hill v. Washburne*, 953 F.3d 296, 306 (5th Cir. 2020); *see also Liverman v. Office of Prob. Clerk of Upton Cnty.*,

No. 7:18-CV-00141-DC-RCG, 2019 WL 886015, at *2 (W.D. Tex. Jan. 25, 2019) (holding that court lacked jurisdiction to review challenge to probate court rulings under *Rooker-Feldman*), *R. & R. adopted*, No. 18-CV-141-DC, 2019 WL 856413 (W.D. Tex. Feb. 17, 2019).

Oliver's invocation of the U.S. Constitution does not save his suit from dismissal under *Rooker-Feldman*. District courts lack original jurisdiction when a civil rights suit is "inextricably intertwined" with a state court judgment such that the suit essentially is an attack on that judgment. *Liedtke*, 18 F.3d at 317 n.11 (collecting cases). Whether Oliver was deprived of any rights depends solely on legal issues already decided by the state courts. Because this Court would have to contradict state court judgments to find in his favor, his lawsuit, is "inextricably intertwined" with those judgments and the Court lacks jurisdiction to hear it. *Phinizy v. State of Ala.*, 847 F.2d 282, 282 (5th Cir. 1988).

Because Judge Tibbe is immune from suit and the *Younger* abstention and *Rooker-Feldman* doctrines bar Plaintiff's claims, this Magistrate Judge recommends that this suit be dismissed under § 1915(e)(2).

### III.   Order

The Court **GRANTS** Plaintiff Laird Oliver's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **ORDERS** his Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1).

### IV.   Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Oliver's claims as frivolous under 28 U.S.C. § 1915(e)(2).

The Court **FURTHER ORDERS** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 7, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE